FRANK LA FERA, OVERSEER OF THE POOR, IN BEHALF OF ELIZABETH FINHANDLER, PLAINTIFF BELOW AND PROSECUTOR IN CERTIORARI, v. WILLIAM SHERWOOD WATTS, ESSEX COUNTY JUVENILE COURT; JOSEPH SIEGLER, JUDGE, DEFENDANTS.

Submitted May 15, 1931—Decided December 3, 1931.

Before Justices TRENCHARD, DALY and DONGES.

For the prosecutor, *Joseph A. Fuerstman* (*Maxwell M. Albach,* of counsel).

For the defendant William Sherwood Watts, *Edward M. & Runyon Colie.*

PER CURIAM.

This writ, sued out by the overseer of the poor, brings up an order and judgment made by the Essex County Juvenile Court finding the defendant in a bastardy proceeding not guilty and discharging him.

By the first and second reasons, the constitutionality of section 1, of chapter 175 of *Pamph. L.* 1922, purporting to confer jurisdiction on the Juvenile Court, is challenged: First, on the ground that the Bastardy act (*Pamph. L.* 1898, *ch.* 241, *p.* 959) and the supplements or amendments thereto conferred no jurisdiction on said court to try bastardy cases; second, because it does not express in its title that it is an amendment or supplement to the act of 1898, chapter 241; third, because it constituted an amendment of the Bastardy act by reference to title only; fourth, because it is unworkable, unintelligible and inoperative."

The singular feature of this case is that the prosecutor challenges the jurisdiction of the court whose aid he invoked by his complaint.

The act in question has been construed by this court and the first section thereof sustained as constitutional. The second section was declared unconstitutional because it undertook to give the Juvenile Court cognizance of a complaint by the mother of the child or by two disinterested persons without the intervention of the overseer of the poor, while the Bastardy act provides that the complaint must be made by the overseer of the poor, and this provision was not disclosed by the title. This was decided in *Fautz* v. *Juvenile Court of Essex County*, 6 *N. J. Mis. R.* 586. That must be taken in this court as settling the question of the constitutionality of the act, exclusive of the second section, as to which the court said: "We think the second section of the statute may be exscinded in that it was enacted in violation of the constitutional provision above referred to, and the first section conferring jurisdiction on the Juvenile Court in bastardy cases be permitted to stand."

As construed in *Fautz* v. *Juvenile Court, supra*, the act gives to the judge of the Juvenile Court, sitting as a magis-

trate, concurrent jurisdiction with the magistrates who sit under the provisions of the Bastardy act, "to hear and determine disputes regarding the parentage, care, custody and maintenance of illegitimate children."

The fifth and sixth reasons practically raise the same question. They are as follows:

Fifth, because the Juvenile Court did not, as required by section 8, chapter 241 (*Pamph. L.* 1898—*Rev.* 1898), "decide at the trial" whether the person charged was the father of the bastard child;

Sixth, because the Juvenile Court was without power to reserve decision and therefore lost jurisdiction.

Section 8 of the Bastardy act of 1898, page 962, referred to says: "At the trial aforesaid, the said magistrate * * * shall 'decide' whether the person so charged is the father of such bastard," &c. As we view this record it is unnecessary in this case to determine what would be the legal effect of a decision of the court some days after the close of the evidence *without the consent* of the defendant. It is unnecessary for this reason: In the "agreed state of facts" it appears that every step in the proceeding before the Juvenile Court was taken *with the consent* of the respective attorneys of the plaintiff below (the prosecutor of this writ) and the defendant, and that all the delays after taking the testimony were caused by the failure to produce the child in court for the inspection of the court, as had been agreed upon in open court, and by the failure of the prosecutor's attorney to promptly furnish to the court his brief, which in open court he asked and obtained permission to furnish and have examined by the court. The agreed facts show conclusively that within a few days after these things were done the court very promptly "decided" the case, finding the defendant below was not the father of the alleged bastard child. We therefore conclude that the reasons advanced are without merit.

The writ will be dismissed, with costs.